UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Harold Warren, MD,<br><br>                    Plaintiff,<br><br>        -against-<br><br>111 Tenants Corporation,<br><br>                    Defendant. | 23-cv-10171 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

      Pro se plaintiff Harold Warren brought this case against defendant 111 Tenants Corporation. The Court liberally construes Warren's complaint as bringing federal claims for discrimination and retaliation under the Fair Housing Act and 42 U.S.C. §§ 1981 and 1982, conspiracy under 42 U.S.C. § 1985, and conspiracy-associated claims under 42 U.S.C. § 1986. Warren also brings claims under state and city law and common law.

      The complaint indicates that the conduct at issue occurred in the 1980s and that Warren was aware of the alleged discrimination at the time it occurred. Since the statute of limitations for Warren's federal claims is between one and four years, the statute of limitations on each of Warren's federal claims appears to have run four decades ago. *See* 42 U.S.C. § 1986 (one-year limitations period under § 1986); 42 U.S.C. § 3613(a)(1)(A) (two-year limitations period under the FHA); *Mosdos Chofetz Chaim, Inc. v. Vill. Of Wesley Hills*, 701 F. Supp. 2d 568, 587 n.12 (S.D.N.Y. 2010) (three-year limitations period under §§ 1982 and 1985); *Richardson v. City of New York*, 2018 WL 4682224, at *11 (S.D.N.Y. Sept. 28, 2018) (three or four-year limitations period under § 1981).

On November 30, 2023, the Court ordered Warren to show cause no later than December 18, 2023, why his federal claims should not be dismissed as untimely. Dkt. 4. The Court warned Warren that "if he fails to file a response, the Court will dismiss the federal claims as untimely and decline to exercise jurisdiction over the state law claims." *Id.* When Warren missed the deadline to respond, the Court *sua sponte* granted Warren an extension of time to respond until January 3, 2024. Dkt. 5. The Court again warned Warren that "if he fails to file a response, the Court will dismiss the federal claims as untimely and decline to exercise jurisdiction over the state law claims." *Id.* Warren has still failed to file a response.

Accordingly, Warren's federal claims are DISMISSED as untimely, and the Court declines to exercise supplemental jurisdiction over Warren's state law claims. *See Walters v. Indus. & Com. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted." (internal quotation marks omitted)).

The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: January 4, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge